UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE and JOHN DOE, *individually and as parents and next friends of* DOE CHILD, and DOE CHILD,<br><br>Plaintiffs,<br><br>v.<br><br>DEBORAH HOLLY et al.<br><br>Defendants. | Civil No. 20-10139-LTS |

ORDER ON DEFENDANTS' MOTION TO COMPEL (DOC. NO. 46),
PLAINTIFFS' MOTION TO COMPEL (DOC. NO. 51),
AND PLAINTIFFS' MOTION TO AMEND (DOC. NO. 52)

April 29, 2021

SOROKIN, J.

Plaintiffs John and Jane Doe, individually and on behalf of Doe Child, filed this action in state court alleging that Doe Child suffered bullying during her first and second grade years while enrolled in Maynard Public Schools. Doc. No. 1-2 ¶ 1. The Complaint named as defendants the Town of Maynard, the Maynard Public School System, and various of its employees. Id. ¶¶ 4–9. The Defendants removed the action to this Court on January 23, 2020. Doc. No. 1. Presently before the Court are several motions regarding discovery.

I.      BACKGROUND

On March 12, 2020, on the cusp of the COVID-19 pandemic, the parties filed a Joint Proposed Scheduling Order to govern the case which, as relevant here, set a final deadline for all fact discovery of December 30, 2020. Doc. No. 22 (emphasis added). The Court

adopted the parties' proposed schedule in a Scheduling Order issued pursuant to D. Mass. L.R. 16.1(f). Doc. No. 24.

In addition to adopting the parties' proposed schedule, the Court ordered the parties to submit a joint report on the status of discovery by May 21, 2020. Doc. No. 23. Pursuant to this Order, the Defendants submitted a status report stating they had completed their Fed. R. Civ. P 26 disclosures and had recently served discovery requests upon the Plaintiffs pursuant to Fed. R. Civ. P. 33 and 34. Doc. No. 26. The Defendants further reported that the Plaintiffs had yet to serve disclosures or discovery requests. Id. The Plaintiffs did not file a status report.

Three months later, on August 25, 2020, Defendants filed a Motion to Compel alleging Plaintiffs had failed to meet their discovery obligations. Doc. No. 27. The Defendants reported Plaintiffs had yet to file their Rule 26 Initial Disclosures which, under the Scheduling Order, had become due on March 30, 2020. Id. at 1; Doc. No. 24. The Defendants also reported that they had served interrogatories and document requests and that Plaintiffs' responses were several months overdue. Doc. No. 27 at 2. In response, Plaintiffs' counsel requested more time, specifically thirty additional days, to permit him to meet his discovery obligations. Doc. No. 29. The Court denied Defendants' Motion to Compel without prejudice and allowed Plaintiffs' Motion for Extension, granting Plaintiffs until October 8, 2020 to produce the required discovery. Doc. No. 32. At that time, the Court also scheduled a status conference for October 21, 2020. Id.

At the October 21st status conference, Plaintiffs' counsel reported that he had made some progress over the past two months towards meeting his discovery obligations but conceded that Plaintiffs' production remained incomplete in several respects. Plaintiffs also

reported that several of Doe Child's medical and educational records were in the possession of third parties, and that it would take some time to retrieve these documents. The Court ordered Plaintiffs to complete or supplement their initial disclosures, interrogatory responses, and document production (with the exception of Doe Child's third-party records) by October 30, 2020. Doc. No. 34 at 4. The Court further ordered the parties to jointly propose a process for securing Doe Child's third-party records. Id.

On November 6, 2020, the parties reported that Plaintiffs would serve releases and requests for Doe Child's records upon the third-party providers, secure the documents from these providers, and serve the documents upon the Defendants after applying any necessary redactions. Doc. No. 41. Simultaneously, the parties requested a ninety-day extension to fact discovery "in order to insure timely receipt of documents and answers prior to depositions of the parties." Id. at 1. The Court granted this extension, establishing March 31, 2021 as the new deadline for fact discovery. Doc. No. 42.

The Court held a further status conference on discovery issues on November 24, 2020. Doc. No. 45. At this conference, the parties reported that Plaintiffs were behind on their efforts to secure the third-party records. The parties represented, however, that Plaintiffs had executed the necessary releases and expressed their belief that discovery would be concluded by the March 31st deadline.

On March 26, 2021, the Defendants filed their Second Motion to Compel (Doc. No. 46), once again seeking production of Doe Child's third-party records. In this motion, which is currently pending, Defendants represent that Plaintiffs have failed to produce any of the promised third-party records in violation of the parties' jointly proposed discovery plan. See Doc. No. 46 at 1 ("There has been no further production of documents by Plaintiffs since

October 30, 2020."). Following the submission of this Motion, the deadline for fact discovery closed on March 31, 2021. Plaintiffs then submitted their Opposition to Defendants' Motion to Compel on April 6, 2021, Plaintiffs admitted "that there are third-party documents and records which are still in the process of being collected and reviewed by Plaintiffs' counsel, and that they have not yet been provided to Defendants." Doc. No. 48 at 5. In their Opposition, Plaintiffs also indicated their own dissatisfaction with Defendants' production to date and stated their intent to file a motion to compel. Id.

By prior arrangement, the Court held a status conference on April 7, 2021. Doc. No. 49. It seems that immediately prior to this hearing, Plaintiffs served upon Defendants some number of Doe Child's third-party records. Plaintiffs explained at the hearing that these records represented only a subset of the documents at issue and that their efforts to secure Doe Child's third-party records were still ongoing. Plaintiffs also requested a further extension to the discovery schedule and informed the Court that they had suspended the depositions of various Defendants due to alleged deficiencies with Defendants' production.[1] Finally, Plaintiffs reiterated their intention to bring a motion to compel. The Court noted that any such motion would likely be untimely under the governing Scheduling Order, unless filed by close of business that very day, see Doc. No. 24 at 2 ("Except for good cause shown, motions to compel . . . must be filed no later than seven days after the close of fact discovery . . . ." (emphasis in original)), but under the totality of the circumstances granted Plaintiffs leave to file such a motion by April 15, 2021. Defendants indicated that they had objected to Plaintiffs' decision to suspend depositions, that they would oppose any further extension to

---

[1] The parties jointly informed the Court they had chosen to delay the deposition of Donna Dankner to accommodate a previously scheduled surgical appointment.

the discovery schedule, and requested that the Court set a schedule for summary judgment briefing.

As promised, the Plaintiffs have filed a motion to compel and a motion to extend the discovery schedule, which are both now pending alongside Defendants' Motion to Compel.

II.     DISCUSSION

Having reviewed the history underlying these three motions, the Court now takes each in turn.

A.   Plaintiffs' Motion to Compel (Doc. No. 51)

The Court's Local Rules require that any memorandum concerning a discovery dispute must state:

> Each interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, and the response thereto; and
>
> [ ] A statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item.

D. Mass. L.R. 37.1(b).

Plaintiffs' brief Motion to Compel fails to satisfy this requirement, with one exception. The Plaintiffs' motion rests primarily on the assertion that Defendants' production is "inadequate, as explained orally at the last hearing on this case, through communications between counsel, and at the already commenced depositions on March 11, 12 and 26, of this year, and as summarized by email to Defendants' counsel." Doc. No. 51 at 2 (citing Doc. No. 51-3). This statement falls short of the "particularity" required by Local Rule 37.1(b). Plaintiffs' memorandum does, however, properly identify and set forth one interrogatory, Interrogatory 7, which Plaintiffs believe Defendants have failed to fully satisfy. After careful

5

review, the Court rules that Defendants have adequately answered Interrogatory 7. The Plaintiffs' Motion to Compel (Doc. No. 51) is consequently DENIED on the merits as to Interrogatory 7 and, in all other respects, for failure to comply with D. Mass. L.R. 37.1(b).

In addition, even if the Court were to reach the merits of the bulk of Plaintiffs' complaints, it would still deny relief. It appears from email communications between the parties, submitted as an explanatory exhibit to Plaintiffs' Motion, that Plaintiffs seek: (1) "Report cards for the Doe Child, and any other student records"; (2) "Records . . . of discipline, or incident reports, related to Doe Child in any way," and; (3) "Any other records . . . related to any incidents . . . related to Doe Child." Doc. No. 51-3. Defendants represent that they have already turned over all such documents within their possession, custody, or control, thereby satisfying their discovery obligations. See Doc. No. 53 at 3–4; see also Doc. No. 53-5 at 1; cf. Fed. R. Civ. P. 26(a)(1)(A)(ii); Fed. R. Civ. P. 34(a)(1). From that same email chain, the Court understands Plaintiffs also seek "[a]ny other documents related to" the Maynard School District's Bullying Prevention Policy and Green Meadow School's Bullying Prevention Policy. Doc. No. 51-3. Given that Defendants have already turned over the bullying prevention policies in effect at the time Doe Child was a student enrolled in the Maynard School District, the Court finds that Plaintiffs' request for "any other documents" is overbroad and otherwise not "proportional to the needs of the case," especially where, as here, the request is not further particularized. Fed. R. Civ. P. 26(b)(1).[2]

---

[2] Plaintiffs' email includes several additional requests for information from the Defendants. These requests are perhaps best characterized as administrative inquiries, or reminders of the Defendants' ongoing obligation to supplement, rather than as discovery requests. Nonetheless, to the extent that these inquiries are encompassed in the Plaintiffs' Motion, the Court finds that they are without merit.

For these reasons, the Plaintiffs' Motion to Compel (Doc. No. 51) is DENIED.

B. <u>Plaintiffs' Motion to Amend the Schedule of Deadlines to Facilitate Completion of Discovery (Doc. No. 52)</u>

Plaintiffs ask the Court to extend the deadline for fact discovery through the month of May to allow the completion of various depositions. Doc. No. 52. It seems that Plaintiffs deposed Defendants Robert Gerardi, Deborah Bresnick, and Deborah Holly for roughly two hours each before suspending their depositions over the objection of Defendants' counsel. Doc. No. 53 at 5. Plaintiffs explained in the depositions, and again in the instant Motion, that they were forced to suspend these depositions due to the inadequacy of Defendants' interrogatory responses, initial disclosures, and document production. <u>See</u> Doc. No. 53-6 at 6; Doc. No. 53-7 at 5; Doc. No. 53-8 at 5; Doc. No. 52.

The Scheduling Order governing this case states:

> <u>Motions to extend or modify deadlines will be granted only for good cause shown.</u> All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete additional discovery

Doc. No. 24 at 2 (emphasis added).

The Court finds that Plaintiffs have not shown good cause for altering the schedule. Fact discovery in this case began more than a year ago. <u>See</u> Doc. Nos. 23, 24. The parties have already received a ninety-day extension to the fact discovery deadline. Doc. No. 42. The time for discovery is over. Plaintiffs seek to extend discovery to follow up on Defendants' allegedly inadequate discovery responses; however, the Plaintiffs failed to prevail on their Motion to Compel thus eliminating their stated basis for an extension. In addition, the record establishes that, even taking into account the COVID-19 pandemic, the

Plaintiffs have had more than ample opportunity to take discovery and that the Plaintiffs have availed themselves to this opportunity.

For these reasons, Plaintiffs' Motion to Amend (Doc. No. 52) is DENIED.[3]

C. <u>Defendants' Motion to Compel (Doc. No. 46)</u>

On March 26, 2021 Defendants moved to compel production of Doe Child's third-party medical and educational records. Doc. No. 46. At the status conference held on April 7, 2021, Plaintiffs counsel reported he had earlier that day served some number of these records on the Defendants. The Court instructed Defendants to review Plaintiffs' production and to file a status report by April 16, 2021 stating whether they were satisfied by Plaintiffs' efforts. The Defendants have not filed a status report. From this, and from statements made by counsel for the Defendants during the April 7, 2021 status conference, the Court understands that the Defendants wish to proceed to summary judgment without any further delay and are not pressing their Motion to Compel.

For these reasons, Defendants' Motion to Compel (Doc. No. 46) is DENIED AS MOOT.

III. <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiffs' Motion to Compel (Doc. No. 51) is DENIED, the Plaintiffs' Motion to Amend (Doc. No. 52) is DENIED, and the Defendants' Motion to Compel (Doc. No. 46) is DENIED AS MOOT. Donna Dankner's deposition shall take place no later than May 31, 2021. Any motions for summary judgment are due the

---

[3] This ruling does not apply to the deposition of Donna Dankner, which may proceed, subject to the conditions below, notwithstanding the close of discovery.

earlier of (a) sixty days thereafter or (b) on July 30, 2021. Any opposition must be filed within thirty days, followed by a reply, limited to five pages, within fourteen days.

                SO ORDERED.

                /s/ Leo T. Sorokin
                Leo T. Sorokin
                United States District Judge